J-S50019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH REICHART | |
| Appellant | No. 1724 MDA 2015 |

Appeal from the Judgment of Sentence entered September 3, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0000935-2015

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                     **FILED SEPTEMBER 09, 2016**

Appellant, Kenneth Reichart, appeals from the judgment of sentence entered on September 3, 2015 in the Court of Common Pleas of Luzerne County following entry of his guilty plea for recklessly endangering another person ("REAP"), 18 Pa.C.S.A. § 2705.  In the amended brief filed by his counsel in accordance with **Anders v. California**, 386 U.S. 738 (1969), as refined by **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), Appellant contends he is displeased with his sentence.  His counsel concurrently filed a petition for leave to withdraw.  In response, Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

filed a *pro se* brief. Following review, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

We must address the request to withdraw before reviewing the merits of Appellant's issue. **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005). As this Court recognized in **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), our Supreme Court's decision in **Santiago** did not change the procedural requirements for requesting withdrawal from representation.

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id.** at 1032 (citing **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009)).

We conclude counsel has satisfied the procedural requirements set forth in **Anders**. In the petition to withdraw, counsel explains his conclusion, based on "a thorough and diligent review of the record . . . that this appeal is frivolous." Appellant's Amended Brief at 8 (emphasis omitted). In addition, counsel furnished a copy of the appellate brief to Appellant and advised Appellant of his right to retain new counsel or act on his own behalf to raise additional arguments or points for this Court's consideration.

Having concluded counsel satisfied the procedural requirements of *Anders*, we must ascertain whether the brief satisfied the substantive mandates prescribed in *Santiago*. In *Santiago*, our Supreme Court announced:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the *Anders* brief, counsel has included a statement of the case that includes a procedural history of the case. Appellant's First Amended Brief at 4-5. Counsel has satisfied the first requirement.

The second required element of an *Anders* brief is reference to anything in the record that counsel believes arguably supports the appeal. Here, counsel raises the question of whether Appellant's sentence was contrary to the fundamental norms underlying his sentence. *Id.* at 6. Again, counsel notes Appellant "is displeased with his sentence" because he did not start a fight but was simply trying to find out if his clothes were in an apartment. *Id.* Counsel, therefore, has satisfied the second *Anders* requirement.

- 3 -

Counsel also has satisfied the third element of **Anders**, stating his conclusion that the appeal is frivolous. **Id.** at 8. Finally, counsel provided his reasons for concluding the appeal is frivolous. **Id.** at 7-8. Thus, counsel has satisfied the fourth and final element of the **Anders** test.

We find counsel has satisfied the requirements for a petition to withdraw. He complied with the briefing requirements, as explained above. He also provided a letter to Appellant on March 18, 2016, advising Appellant of counsel's conclusion that the appeal was "wholly frivolous" and advising Appellant of his right to retain substitute counsel or to proceed *pro se* to bring any attentional points to this Court's attention. Counsel also has served a copy of the petition to withdraw and the **Anders** brief on Appellant.

We note that Appellant has filed a response to the petition to withdraw in the form of a *pro se* handwritten brief. In the brief, he asserts, *inter alia*, he was coerced into a plea deal "that shouldn't have happened because [he] wasn't guilty of nothing." Appellant's *Pro Se* Brief at 1. He again disputes statements that he was trying to keep warm in the building where he was arrested. **Id.** at 3. He contends instead that he was in the building to retrieve new clothes from a woman whom he believed had moved into an apartment in the building. **Id.** Appellant also offers an explanation of how a smoke alarm was triggered in the building. **Id.** at 4-5.

In addition, Appellant complains about the duration of his sentence and suggests it was to run concurrently with an unrelated sentence for retail

theft. *Id.* at 5-6. He contends he was coerced into taking the plea and should not have entered a plea because he was "not Guilty of anything but a Disorderly Conduct." *Id.* at 8. He also complains about his representation by the Public Defender's Office and suggests his sentence was actually six to twelve months, as mistakenly reflected in an order issued by the trial court on November 4, 2015. *Id.* at 8-10.[1]

As reflected above, we have determined that counsel has satisfied the technical requirements of *Anders* and *Santiago*. After determining that the technical requirements are satisfied, it is generally incumbent upon this Court to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted). However, as recognized in *Commonwealth v. Bennett*, 124 A.3d 327 (Pa. Super. 2015):

> By filing a *pro se* response, as in this case, or hiring private counsel, the appellant has essentially filed an advocate's brief. It is well-settled that when an advocate's brief has been filed on behalf of the appellant, our Court is limited to examining only those issues raised and developed in the brief. We do not act

_____

[1] The sentencing transcript reflects that the sentence imposed was a minimum of six months to a maximum of 23 months in the Luzerne Correctional Facility. The sentencing guidelines were six to 16 months with a prior record score of five and an offense gravity score of three. *See* Sentencing Transcript, 9/3/15, at 2-4. The reference to a six to twelve month sentence contained in the November 4, 2015 order, which addressed issues related to Pa.R.A.P. 1925, was clearly a typographical error.

as, and are forbidden from acting as, appellant's counsel. Accordingly, our independent review is logically limited in the situation presented herein. If we conduct an independent review of the entire record, and conclude that there are no non-frivolous issues to be found anywhere therein, we have rendered the appellant's right to proceed *pro se* or to hire private counsel, meaningless. There would be no point in allowing a *pro se* or counseled filing if we had already determined any issue raised therein was frivolous.

*Id.* at 333. Therefore, we limit our review to the issue raised in the ***Anders*** brief after which we review the *pro se* brief as we would review any advocate's brief. ***Id.***

Based upon our review, we find the claim raised by counsel in the ***Anders*** brief to be frivolous. Additionally, all claims raised by Appellant in his *pro se* brief, with the possible exception of a premature ineffective assistance of counsel claim, are also frivolous.[2] Therefore, Appellant is not entitled to relief.

_____

[2] To the extent Appellant argues his counsel was ineffective, such claim is not cognizable on direct appeal. ***See Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013) (reaffirming ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002) (ineffective assistance of counsel claim to be raised in petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546)). Further, to the extent Appellant challenges his guilty plea, "[s]ettled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013), *appeal denied,* 87 A.3d 319 (Pa. 2014). Appellant does not contend in his *pro se* brief that his sentence is illegal nor does he challenge the validity off the plea.

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judge Mundy did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2016